UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISTRICT 6 HEALTH PLAN and its TRUSTEES,

Plaintiff,

WEBER MANAGEMENT d/b/a SADELITE
AGENCY MS, INC. a/k/a WEBER MANAGEMENT
INC. a/k/a WEBER MANAGEMENT PAYROLL
INC. a/k/a SADELITE AGENCY/MS INC,

Defendant.

08 Civ. _____

COMPLAINT

08 CV 0263

*JUDGE SWEET*

---

Plaintiff, District 6 Health Plan (the "Plan") and its Trustees, by and through its attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for its complaint, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3), 502(g) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), 1132(g) and 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by a multiemployer health benefit plan, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Plan and to cooperate with a Payroll Audit by the Plan. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Plans, Defendant **WEBER MANAGEMENT d/b/a**

SADELITE AGENCY MS, INC. a/k/a WEBER MANAGEMENT INC. a/k/a WEBER MANAGEMENT PAYROLL INC. a/k/a SADELITE AGENCY/MS INC. ("Sadelite" or the "Employer") violated ERISA, LMRA, the Plan documents, and its collective bargaining agreement.

### JURISDICTION

2.   This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1). Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

### STAUTORY SERVICE

3.   Copies of this Complaint have been served upon the Secretary of Labor and Secretary of Treasury by certified mail under Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

### FACTS

4.   The Plan is a multiemployer labor-management employee benefit trust fund under a collective bargaining agreement in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and a multiemployer employee benefit plan within the meaning of Sections 3(2), 3(3), 3(37), 502(d)(1) and 515 of ERISA, 29 U.S.C. §§ 1002(1), (2), (3), 1132(d)(1) and 1145. The Plan is administered at 730 Broadway, New York, New York 10003. The Plan is represented in this action by its TRUSTEES (the "Trustees") and Larry Magarik, Esq., Kennedy Jennik & Murray, P.C., is the Independent Fiduciary of the Plan appointed by the United States District Court for the Eastern District of Virginia, Richmond Division in accordance with Orders of that Court and of the United States District Court for the Southern District of New York, and they are each a "fiduciary" with respect to the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5.  Upon information and belief, at all times relevant hereto, Employer was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. Sadelite maintains its principal place of business at 129 South 8th Street, Brooklyn, New York 11211.

## BACKGROUND

6.  The Plan provides health benefits pursuant to an Agreement and Declaration of Trust (the "Trust Agreement") and a Summary Plan Description (the "SPD").

7.  The Plan has promulgated a Payroll Audit and Contribution Collection Policy and Resolution ("Policy"), copies of which are attached hereto as Exhibit D, which requires the Employer to make timely contributions and submit timely reports to the Plan, cooperate with a Payroll Audit by the Plan, and render the Employer liable for unpaid contributions, interest, liquidated damages, costs of collection, attorneys fees and other relief, as well as direct responsibility for its employees' health claims, in case of delinquency and default.

8.  The Employer is signatory to a Collective Bargaining Agreement ("CBA).

9.  The Employer currently fails and refuses to make its required contributions and submit required reports to the Plan on a current and timely basis or at all.

10. As a result of the Employer's delinquency and failure to contribute and report to the Plan, the Plan has terminated or suspended health insurance coverage and benefits to the Employer's employees who are Plan participants, rendering the Employer directly liable for health insurance coverage and benefits to these employees and Plan participants.

3

11. The Employer has failed and refused to provide health insurance coverage and benefits to these employees and Plan participants, causing them severe, immediate and irreparable injury.

12. Representatives of the Plaintiff Plan completed a payroll audit of the books and records of Defendant Sadelite covering the period from January 1, 2000 through December 31, 2005.

13. The audit revealed that Defendant Sadelite owed the Plaintiff Plan no less than $705,529.24, including delinquent benefit contributions in the amount of $408,795.00, interest thereon in the amount of $209,990.24, liquidated damages in the amount of $81,759.00 and audit costs in the amount of $4,985.00, plus attorneys' fees and costs.

14. Plaintiff Plan made demand on Defendant Sadelite for payment of the deficiencies assessed under the audit.

15. Although demand was duly made, Defendant Sadelite failed, refused and neglected to make payment of the deficiencies assessed under the audit.

16. Defendant Sadelite failed and refused to make any contributions or submit any reports to the Plan for the period from July 1, 2006 through July 31, 2007, and continuing, in violation of ERISA, LMRA, the aforesaid Plan documents, and the Collective Bargaining Agreement.

17. Defendant Sadelite has failed, neglected and refused to make its required contributions and submit required reports to the Plan on a current and timely basis or at all.

18. Following a long series of communications with the Employer, the Plan sent the Employer a letter dated August 21, 2007. As estimated by the Plan in this letter, the Employer is liable to the Plan in the estimated amount of $84,636.91 for the period July 1, 2006 through July

31, 2007, subject to verification through Payroll Audit, in addition to other delinquencies which may be revealed upon Payroll Audit and its current and ongoing liability to the Plan. The Employer did not reply or fulfill any of the obligations outlined in the letter.

19.  The Court is empowered to grant equitable and injunctive relief requiring Defendant Sadelite to make its required contributions and submit its required reports to the Plan, submit to and cooperate with a Payroll Audit, provide health insurance coverage and benefits to its employees and Plan participants, and to enter judgment against the Employer in the estimated amount of $84,636.91 for the period July 1, 2006 through July 31, 2007, other amounts as are verified and determined following a Payroll Audit, together with interest, liquidated damages, costs of collection, attorney's fees and costs, and grant such other legal or equitable relief as the court deems appropriate, pursuant to Sections 502(a)(3), (d)(1), (g)(1), (g)(2) and 515 of ERISA, 29 USC §§1132(a)(3), (d)(1), (g)(1), (g)(2) and 1145, and Section 301 of the LMRA, 29 USC §185.

20.  As a result of Defendant Sadelite's delinquency and failure to contribute and report to the Plan, the Plan has terminated or suspended health insurance coverage and benefits to the Employer's employees who are Plan participants, rendering the Employer directly liable for health insurance coverage and benefits to these employees and Plan participants.

21.  Defendant Sadelite has failed and refused to provide health insurance coverage and benefits to these employees and Plan participants, causing them severe, immediate and irreparable injury.

22.  Defendant Sadelite's failure and refusal to remit contributions and submit reports to the Plan, provide health insurance coverage and benefits to its employees and Plan

participants, is a violation of the Trust Agreement, SPD, Policy, CBA, and Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145, and Section 301 of the LMRA, 29 USC §185.

23. The Court is empowered to grant equitable and injunctive relief requiring the Employer to make its required contributions and submit its required reports to the Plan, submit to and cooperate with a Payroll Audit, provide health insurance coverage and benefits to its employees and Plan participants, and to enter judgment against the Employer in the amount of no less than $705,529.24 for the period from January 1, 2000 through December 31, 2005, other amounts as are verified and determined following Payroll Audit, together with interest, liquidated damages, costs of collection, attorney's fees and costs, and grant such other legal or equitable relief as the court deems appropriate, pursuant to Section 502(a)(3), (d)(1), (g)(1), (g)(2) and 515 of ERISA, 29 USC §§1132(a)(3), (d)(1), (g)(1), (g)(2) and 1145, and Section 301 of the LMRA, 29 USC §185.

24. Plaintiff will be able to establish a likelihood of success on the merits, an immediate and irreparable injury, loss or damage, and a balance of hardships, permitting preliminary injunctive under Rule 65 of the Federal Rules of Civil Procedure.

### FIRST CLAIM FOR RELIEF

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 hereof.

26. As a result of work performed by individual employees of Defendant Sadelite pursuant to the Collective Bargaining Agreement, there became due and owing to the Plan from Defendant Sadelite not less than $705,529.24, including benefit contributions in the amount of $408,795.00 pursuant to an audit covering the period from January 1, 2000 through December 31, 2005, plus interest thereon in the amount of $209,990.24 calculated at ten percent (10%) per

6

annum on the principal amount owed; liquidated damages in the amount of $81,759.00 calculated at twenty percent (20%) of the principal amount owed; audit costs in the amount of $4,985.00; and attorneys' fees and costs.

27. This failure, refusal or neglect of Defendant Sadelite to make the required contributions to Plaintiff Plan constitutes a violation of the Collective Bargaining Agreement by and between Defendant Sadelite and the Union, to which Plaintiff Plan is a third-party beneficiary.

28. Accordingly, Defendant Sadelite is liable to Plaintiff Plan as and for fringe benefit contributions in the amount of at least $705,529.24, including benefit contributions in the amount of $408,795.00 pursuant to an audit covering the period from January 1, 2000 through December 31, 2005, plus interest thereon in the amount of $209,990.24 calculated at ten percent (10%) per annum on the principal amount owed; liquidated damages in the amount of $81,759.00 calculated at twenty percent (20%) of the principal amount owed; audit costs in the amount of $4,985.00; and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 hereof.

30. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

31. Upon information and belief, Defendant Sadelite, by the terms of the Collective Bargaining Agreement, failed to pay the required monetary contributions to the Plaintiff Plan due as a result of work performed by individual employees of Defendant Sadelite. Such failure to make payment constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

32. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a Plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the Plaintiff Fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

33. Accordingly, Defendant Sadelite is liable to the Plaintiff Plan for the payment of the required monetary contributions owed to the Plan as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

### THIRD CLAIM FOR RELIEF

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 hereof.

35. As a result of work performed by individual employees of Defendant Sadelite, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plan from Sadelite benefit contributions for the period from July 1, 2006 through July 31, 2007 in the estimated amount of $84,636.91.

36. No part of the benefit contributions contractually due the Plan has been paid by Sadelite, although all benefit contributions have been duly demanded, and the Plan has been damaged in the estimated amount of $84,636.91.

37. Sadelite's failure to make the required benefit contributions to the Plan constitutes a violation of the Collective Bargaining Agreement.

38. Accordingly, Sadelite is liable to the Plan as and for benefit contributions in an estimated amount of $84,636.91 for the period from July 1, 2006 through July 31, 2007, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorney's fees and other expenses incurred in connection with the auditing and collection procedures.

### FOURTH CLAIM FOR RELIEF

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 hereof.

40. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

41. Upon information and belief, Defendant Sadelite, by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions and reports to the Plan due as a result of work performed by individual employees of Defendant Sadelite for the period from July 1, 2006 through July 31, 2007. Such failure to make payment and submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

42. Section 502 of ERISA, 29 U.S.C. § 1132, provides that, upon a finding of an employer violation of section 515 of ERISA. 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

43. Accordingly, Defendant Sadelite is liable to the Plan for the payment and submission of the required monetary contributions and reports to the Plan as aforesaid, and is

liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA, 29 U.S.C. § 1132.

### FIFTH CLAIM FOR RELIEF

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 hereof.

45. Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant Sadelite is required to timely pay and/or submit fringe benefit contributions and/or reports to Plaintiff Plan, and permit and cooperate in the conduct of audits of Defendant Sadelite's books and records for so long as Sadelites remain obligated to do so pursuant to the Collective Bargaining Agreement.

46. Upon information and belief, Defendant Sadelite has failed to timely pay and/or submit fringe benefit contributions to the Plaintiff Plan for the period from December 1, 2005 through the present, and is currently in breach of its obligations under the Collective Bargaining Agreement.

47. Plaintiff Plan has no adequate remedy at law to insure that Defendant Sadelite will adhere to the terms of the Collective Bargaining Agreement.

48. Plaintiff Plan will suffer immediate and irreparable injury unless Defendant Sadelite, and its officers, agents, servants and employees, are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Plaintiff Plan, and to permit and cooperate in the conduct of audits for so long as Defendant Sadelite remains obligated to do so pursuant to the Collective Bargaining Agreement.

49. Accordingly, Plaintiff Plan requests that this Court issue an injunction permanently enjoining Defendant Sadelite, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to Plaintiff Plan and requiring them to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement.

**WHEREFORE,**

(1) Plaintiff Plan demands judgment on its First Claim for Relief against Defendant Sadelite as and for benefit contributions in the amount of not less $705,529.24, including benefit contributions in the amount of $408,795.00 pursuant to an audit covering the period from January 1, 2000 through December 31, 2005, plus interest thereon in the amount of $209,990.24 calculated at ten percent (10%) per annum on the principal amount owed; liquidated damages in the amount of $81,759.00 calculated at twenty percent (20%) of the principal amount owed; audit costs in the amount of $4,985.00; and attorneys' fees and costs incurred in connection with the auditing and collection procedures in accordance with the Collective Bargaining Agreement;

(2) Plaintiff Plan demands judgment on its Second Claim for Relief against Defendant Sadelite as and for fringe benefit contributions to the Plan in the amount of not less than $705,529.24, including benefit contributions in the amount of $408,795.00 pursuant to an audit covering the period from January 1, 2000 through December 31, 2005, plus interest therein in the amount of $209,990.24 calculated at ten percent (10%) per annum on the principal amount owed; liquidated damages in the amount of $81,759.00 calculated at twenty percent (20%) of the principal amount owed; audit costs in the amount of $4,985.00; and attorneys' fees and costs and attorneys' fees and costs incurred in connection with the auditing and collection procedures in

accordance with the Collective Bargaining Agreement pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) Plaintiff Plan demands judgment on its Third Claim for Relief against Sadelite for benefit contributions owed for the period from July 1, 2006 through July 31, 2007 in the estimated amount of $84,636.91, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorney's fees and other expenses incurred in connection with the auditing and collection procedures;

(4) Plaintiff Plan demands injunctive relief on its Fourth Claim for Relief against Defendant Sadelite for benefit contributions owed for the period from July 1, 2006 through July 31, 2007 in the estimated amount of $84,636.91, plus attorneys' fees and costs incurred in connection with the auditing and collection procedures in accordance with the Collective Bargaining Agreement pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(5) Plaintiff Plan demands injunctive relief on its Fourth Claim for Relief against Defendant Sadelite permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreements.

Dated: New York, New York
January 11, 2008

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

By: _____
Charles R. Virginia, Esq. (CV 8214)
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
Office Tel. No.: (212) 943-9080
*Attorneys for Plaintiff*