UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISTRICT 6 HEALTH PLAN and its TRUSTEES<br><br>Plaintiffs,<br><br>-against-<br><br>WEBER MANAGEMENT d/b/a SADELITE AGENCY MS, INC. a/k/a WEBER MANAGEMENT INC. a/k/a WEBER MANAGEMENT PAYROLL INC. a/k/a SADELITE AGENCY/MS INC.,<br><br>Defendant. | CIVIL ACTION NUMBER:<br>08 CV 0263 (RWS)<br><br><br>**ANSWER WITH<br>AFFIRMATIVE DEFENSES** |

Defendant Weber Management d/b/a Sadelite Agency MS, Inc. a/k/a Weber Management Inc. a/k/a Weber Management Payroll Inc. a/k/a Sadelite Agency/MS Inc., ("Defendant"), by its attorneys, Peckar & Abramson, P.C., hereby answers the Complaint of Plaintiffs as follows:

### NATURE OF THE ACTION

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint, except admits that this action is brought by Plaintiffs.

## JURISDICTION

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint, except admits that jurisdiction and venue are purportedly invoked pursuant to the cited statutes.

## STATUTORY SERVICE

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Complaint.

## FACTS

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5. In response to Paragraph "5" of the Complaint, Defendant solely admits that it resides at 129 South 8th Street, Brooklyn, New York.

## BACKGROUND

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8. In response to paragraph "8" of the Complaint Defendant solely admits that it has been signatory to certain collective bargaining agreements with District 6 International Union of Industrial Service, Transport and Health Employees ("Union").

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

9. Defendant denies the allegations contained in paragraph "9" of the Complaint.

10. Defendant denies the allegations contained in Paragraph "10" of the Complaint.

11. Defendant denies the allegations contained in Paragraph "11" of the Complaint.

12. In response to Paragraph "12" of the Complaint, Defendant solely admits that Plaintiff audited its books and records.

13. In response to Paragraph "13" of the Complaint, Defendant solely admits that Plaintiff audited its books and records.

14. Defendant admits the allegations contained in Paragraph "14" of the Complaint and further avers that pursuant to settlement agreement dated July 28, 2005 and the Notice of Voluntary Dismissal filed with this Court by Plaintiffs in Civil Action Number 05 Civ. 6065 (NRB), the parties resolved all disputes relating to unpaid fund contributions alleged to be due and owing prior to July 29, 2005.

15. Defendant denies the allegations contained in Paragraph "15" of the Complaint and further avers that pursuant to settlement agreement dated July 28, 2005 and the Notice of Voluntary Dismissal filed with this Court by Plaintiffs in Civil Action Number 05 Civ. 6065 (NRB), the parties resolved all disputes relating to unpaid fund contributions alleged to be due and owing prior to July 29, 2005.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

16. Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. Defendant denies the allegations contained in Paragraph "17" of the Complaint.

18. Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19. Paragraph "19" of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph "19" of the Complaint.

20. Defendant denies the allegations contained in Paragraph "20" of the Complaint.

21. Defendant denies the allegations contained in Paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23. Paragraph "23" of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph "23" of the Complaint.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

24. Defendant denies the allegations contained in Paragraph "24" of the Complaint.

### FIRST CLAIM FOR RELIEF

25. In response to Paragraph "25" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "24" of this Answer with the same force and effect as if fully set forth herein.

26. Defendant denies the allegations contained in Paragraph "26" of the Complaint.

27. Defendant denies the allegations contained in Paragraph "27" of the Complaint.

28. Defendant denies the allegations contained in Paragraph "28" of the Complaint.

### SECOND CLAIM FOR RELIEF

29. In response to Paragraph "29" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "28" of this Answer with the same force and effect as if fully set forth herein.

30. Paragraph "30" of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph "30" of the Complaint.

31. Defendant denies the allegations contained in Paragraph "31" of the Complaint.

32. Paragraph "32" of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph "32" of the Complaint.

33. Defendant denies the allegations contained in Paragraph "33" of the Complaint.

### THIRD CLAIM FOR RELIEF

34. In response to Paragraph "34" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "33" of this Answer with the same force and effect as if fully set forth herein.

35. Defendant denies the allegations contained in Paragraph "35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph "36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph "37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph "38 of the Complaint.

### FOURTH CLAIM FOR RELIEF

39. In response to Paragraph "39" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "38" of this Answer with the same force and effect as if fully set forth herein.

40. Paragraph "40" of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph "40" of the Complaint.

41. Defendant denies the allegations contained in Paragraph "41" of the Complaint.

42. Paragraph "42" of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph "42" of the Complaint.

43. Defendant denies the allegations contained in Paragraph "43" of the Complaint.

### FIFTH CLAIM FOR RELIEF

44. In response to Paragraph "44" of the Complaint, Defendant repeats, reiterates and realleges each and every answer contained in Paragraphs "1" through "43" of this Answer with the same force and effect as if fully set forth herein.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

45. Defendant neither admits nor denies the allegations contained in paragraph "45" of the Complaint because the Collective Bargaining Agreement identified is a written document which speaks for itself and begs leave to refer to the terms and conditions of the Collective Bargaining Agreement at a trial of this action.

46. Defendant denies the allegations contained in Paragraph "46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph "47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph "48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph "49 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are barred in whole or in part pursuant to the July 28, 2005 settlement agreement between the parties.



LAW OFFICES
Peckar &
Abramson
A Professional Corporation

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Defendant does not owe any contributions or an audit to Plaintiffs as alleged in the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred by the statute of frauds.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. Plaintiffs' claims are barred by the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. Plaintiffs' claims are barred by the doctrine of waiver.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

59. The Court lacks subject matter jurisdiction.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

60. Plaintiffs' claims are barred pursuant to the doctrines of res judicata and collateral estoppel.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

61.  Plaintiffs' claims are barred pursuant to the election of remedies doctrine.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

62.  Part of Plaintiffs' claims are frivolous and brought in bad faith because the issue of any alleged unpaid contributions to its health and benefit funds covering the time period January 1, 1999 through July 28, 2005 has been resolved pursuant to settlement agreement dated July 28, 2005 and the Notice of Voluntary Dismissal filed with this Court by Plaintiffs in Civil Action Number 05 Civ. 6065 (NRB). Consequently, Defendant is entitled to costs and reasonable attorney's fees.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

63.  Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

64.  At the very least, Defendant is entitled to a credit of $150,000 towards any amount found by the Court to be due and owing to Plaintiffs.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety with prejudice, together with costs of this action, reasonable attorney's fees and such other and further relief as the Court deems just and proper.

        PECKAR & ABRAMSON, P.C.
Attorneys for Defendant
Weber Management d/b/a Sadelite Agency MS, Inc. a/k/a Weber Management Inc. a/k/a Weber Management Payroll Inc. a/k/a Sadelite Agency/MS Inc.,
41 Madison Avenue, 20th Floor
New York, New York 10010
(212) 382-0909

By: _____
    AARON C. SCHLESINGER (AS-8744)

Dated: New York, New York
       March 20, 2008

To:    Charles R. Virginia, Esq.
        Barnes, Iaccarino, Virginia,
        Ambinder & Shepherd, PLLC
        Attorneys for Plaintiffs
        Trinity Centre
        111 Broadway, Suite 1403
        New York, New York 10006
        (212) 943-9080

LAW OFFICES
Peckar & Abramson
A Professional Corporation

## CERTIFICATION OF SERVICE

I hereby certify that on March 20, 2008 I served the within Answer with Affirmative Defenses via federal express overnight mail upon:

Charles R. Virginia, Esq.
Barnes, Iaccarino, Virginia,
Ambinder & Shepherd, PLLC
Attorneys for Plaintiffs
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080

                                             _____
                                             AARON C. SCHLESINGER

Dated: New York, New York
            March 20, 2008

LAW OFFICES
Peckar &
Abramson
A Professional Corporation